UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

vs.

        Case No. 14-cr-20240
        HON. GERSHWIN A. DRAIN

LEWIS JENNINGS,

        Defendant.
_____/

**ORDER DENYING DEFENDANT'S MOTION TO SUPPRESS EVIDENCE [#11] AND SETTING PLEA CUT-OFF, PLEA HEARING, FINAL PRETRIAL CONFERENCE AND TRIAL DATES**

**I.  INTRODUCTION**

Defendant Lewis Jennings was indicted on April 17, 2014 for violation of 18 U.S.C.§ 922(g);or Felon in Possession of a Firearm.  Presently before the Court is the Defendant's Motion to Suppress Evidence, filed on May 18, 2014.  Defendant argues the search warrant giving rise to the charges in the Indictment was defective because the ATF does not have authority to conduct state narcotics investigations.  Conversely, the Government argues the ATF has authority to investigate crimes associated with narcotics trafficking, such as illegal possession of firearms.

A hearing on Defendant's Motion to Suppress was held on July 8, 2014, at which, the Court ordered supplemental briefing on the issues raised by the parties.  Supplemental briefing concluded on August 11, 2014.  Upon due consideration of the parties filings and oral argument, the Court will deny the Defendant's Motion to Suppress Evidence.

-1-

## II.   FACTUAL BACKGROUND

The charges at issue stem from the execution of a search warrant at a Detroit residence on January 19, 2012. The residence was under investigation for narcotics trafficking.  The search warrant at issue states that three purchases of crack cocaine were made by an under cover ATF Agent and Dujuan Conner, another resident of the home under investigation for narcotics trafficking. At the time of the search, Defendant was renting a room in the house's upper level flat.

Upon a search of Defendant's room, the following items were seized: (1) a loaded RG Ind. Model RG 14, .22 caliber revolver  and (2) a small amount of marijuana.  A search of the entire residence uncovered more firearms, ammunition, cocaine, marijuana, a digital scale, as well as packaging materials consistent with the sale of narcotics.

## III.   LAW & ANALYSIS

The Fourth Amendment protects "[t]he right of people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures . . . ." U.S. CONST. amend IV.  Here, the Court agrees with the Government despite the creativity of Defendant's argument. Based on the record and authority provided by the parties, sparse though it may be, the Court is compelled to conclude the Defendant's Fourth Amendment rights were not violated during the January 2012 search, therefore Defendant has failed in his burden to demonstrate any constitutional infirmity with the search warrant or subsequent search of the residence.  It should be noted that Defendant provides no authority, controlling or otherwise, on point, which supports his argument.  The case he supplied during supplemental briefing is inapplicable to the circumstances herein and provides no guidance to the Court.  *See* Memorandum, *State and Local Deputation of Federal Law Enforcement Offices During Stafford Act Deployments*, 2012 WL 1123840 (Mar. 5, 2012) (noting that the conclusions

contained therein pertained solely to federal law enforcement officers' authority to make arrests pursuant to state deputation laws during Stafford Act deployments).

Under the Code of Federal Regulations, the ATF is responsible for investigating:

> (1) criminal and regulatory violations of the Federal firearms, explosives, arson, alcohol, and tobacco smuggling laws;
> (2) the functions transferred by subsection (c) of section 1111 of the Homeland Security Act of 2002 . . .
> (3) *any other function related to the investigation of violent crime* or domestic terrorism that is delegated to the Bureau by the Attorney General.

28 U.S.C. § 599A(b) (emphasis added). Thus, one of the primary directives of the ATF is to focus its investigations on individuals who commit violent crime. The nexus between firearm related violence and drug trafficking is well established. *See United States v. Hardin*, 248 F.3d 498, 499 (6th Cir. 2001) (noting that guns are "'tools of the trade' in drug transactions."); *Federal Register*, Volume 77, No. 166, page 51698 (Aug. 27, 2012) [AG Order No. 3341-2012]; *Federal Register*, Volume 79, No. 42, pg. 12061 (Mar. 4, 2014) [AG Order No. 3421-2014]; 28 C.F.C. § 0.130(b)(2).

Moreover, the Sixth Circuit Court of Appeals has resolved numerous direct appeals involving narcotics investigations conducted independently by the ATF, and ATF agent investigative authority has never been challenged. *See United States v. Coleman*, 188 F.3d 354 (6th Cir. 1999); *United States v. Wagner*, 289 F. App'x 57 (6th Cir. 2008); *United States v. Harge*, 428 F. App'x 511 (6th Cir. 2011); *United States v. Chapman*, 112 F. App'x 469, 472 (6th Cir. 2004).

Lastly, based on the evidence before the state court judge, the Court agrees with the Government that probable cause existed to conduct the search on January 19, 2012. A search warrant is valid if, "given all the circumstances set forth in the affidavit before him," the magistrate properly finds that "there is a fair probability that contraband or evidence of a crime will be found in a particular place." *Illinois v. Gates*, 462 U.S. 213, 238 (1983). The Court being otherwise

advised in the premises, the Court finds the Defendant's Fourth Amendment rights were not violated as a result of the January 2012 search. As such, his Motion to Suppress Evidence must be denied.

**IV.     CONCLUSION**

Based on the foregoing considerations, Defendant's Motion to Suppress Evidence [#11] is DENIED. The Rule 11 Plea Cut-Off deadline is <u>September 23, 2014</u>. A plea hearing shall be held <u>on September 25, 2014 at 11:00 a.m</u>.

A Final Pretrial Conference shall be held on <u>October 1, 2014 at 11:30 a.m.</u> Trial shall commence <u>on October 14, 2014 at 9:00 a.m</u>.

SO ORDERED.

Dated: September 08, 2014                    /s/Gershwin A Drain
                                                                               GERSHWIN A. DRAIN
                                                                               United States District Judge